UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br> MARVIN CLAVEL,<br><br>                                    Defendant. | Case No.:  11cr3976 / 25cv1602 - WQH<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 18), the Motion to Reconsider Appointment of Counsel (ECF No. 27), and the request for an evidentiary hearing (ECF No. 28), filed by Defendant Marvin Clavel.

## I.    Background

In 2003, when Clavel was 25-years-old, he was convicted of possession of a knife at a school in Los Angeles County Superior Court. (ECF No. 10 at 5.)

On August 24, 2004, Clavel, who is a citizen of El Salvador, was granted legal status in the United States. *Id*. at 7.

In 2006, Clavel was convicted of felony robbery in Los Angeles County Superior Court. *Id*. at 5.

In October 2007, Clavel was convicted of misdemeanor theft in Los Angeles County Superior Court. *Id*. at 6.

In March 2008, Clavel was convicted of felony burglary in Los Angeles County Superior Court and sentenced to three years in prison. *Id*.

In February 2011, Clavel was deported from the United States to El Salvador. *Id*. at 7.

On June 29, 2011, Clavel was arrested in Seeley, California, and a Complaint was filed in this Court charging Clavel with being a Deported Alien Found in the United States in violation of 8 U.S.C. § 1326.

On November 11, 2011, pursuant to a Plea Agreement, Clavel pleaded guilty to the sole count in the Indictment in this case charging him with being a Deported Alien Found in the United States in violation of 8 U.S.C. § 1326. (ECF Nos. 8, 9.) In his Plea Agreement, entered with the advice of counsel, Clavel agreed to waive his rights to appeal or collaterally attack his conviction and sentence, and "affirm[ed] that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States." (ECF No. 9 at 9.)

On March 5, 2012, this Court sentenced Clavel to the custody of the Bureau of Prisons for 33 months followed by one year of supervised release. (ECF No. 15.)

On October 13, 2021, Clavel was convicted of felony burglary in Los Angeles County Superior Court and sentenced to four years in prison. (ECF No. 22-1 at 12.)

On June 20, 2025, Clavel filed the pending § 2255 Motion. (ECF No. 18.) Clavel requests that the Court vacate, set aside, or correct his 2012 conviction for violating 8 U.S.C. § 1326. Clavel asserts that he is currently in the custody of the Department of Homeland Security and he contends:

> The conviction [in the above-captioned case] arose from a removal order which was unlawful when entered. The removal order was based on state court convictions that have since been found to be unconstitutional. Pursuant to California Penal Code 1473.7(a)(1), the state court vacated one of the state convictions altogether, and vacated the second conviction's sentence. With these rulings by the state court, the charges of deportability underlying the removal order cannot be sustained.

*Id*. at 6.

On August 8, 2025, the Government filed a Response in opposition to the § 2255 Motion. (ECF No. 22.) The Government contends that the § 2255 Motion should be denied for the following reasons: "The Court Lacks Jurisdiction to Consider Petitioner's § 2255"; "Clavel's Knowing and Voluntary Waiver of Collateral Attack Bars the Present Motion"; "Clavel's Motion is Untimely Under 28 U.S.C. § 2255"; "Clavel's Failure to Identify Which Convictions Were Vacated Warrants Dismissal of this 2255 Motion"; "Clavel's Challenge to His Removal Order Fails Under 8 U.S.C. § 1326(d)"; and "Clavel's Motion is Barred by Procedural Default." *Id*. at 3, 4, 5, 6, 8, 10.

On November 18, 2025, Clavel filed a Motion to Appoint Counsel. (ECF No. 25.)

On November 20, 2025, the Court issued an Order denying the Motion to Appoint Counsel and extending the time for Defendant to file a reply. (ECF No. 26.)

On December 22, 2025, Clavel filed a Motion to Reconsider Appointment of Counsel (ECF No. 27), and a Reply in support of his § 2255 Motion, which includes a request for an evidentiary hearing. (ECF No. 28.) Clavel attaches records that he contends demonstrate that his prior state felony convictions were expunged or vacated in California state court in March and October of 2025. (*See* ECF Nos. 27-1 at 13, 27-2 at 32, 27-3 at 29.)

## II.    Discussion

### A. Standard of Review

A federal prisoner making a collateral attack against the validity of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. Section 2255 states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "Congress enacted § 2255 to simplify the habeas process for federal prisoners. The section provides 'a remedy [in the sentencing court] exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined.'" *United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (quoting *Hill v. United States*, 368 U.S. 424, 427 (1962)). "Because a § 2255 motion is 'commensurate' with habeas relief, it may only be used to collaterally attack a conviction and sentence 'upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States.'" *Id*. (quoting 28 U.S.C. § 2255; citing *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981) ("[Motions under § 2255 are limited to:] (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence imposed in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.")).

### B. Jurisdiction

The Government contends that "[t]his Court lacks jurisdiction to consider Clavel's petition pursuant to 28 U.S.C. § 2255 because he is no longer 'in custody' pursuant to his 2012 conviction for violating Title 8 U.S.C. § 1326." (ECF No. 22 at 3.) Clavel responds that the Court has jurisdiction because Clavel's current "immigration detention is directly related to his standing 2012 conviction of violating title 8 U.S.C. § 1326." (ECF No. 28 at 3.)

As quoted above, § 2255 applies to "[a] prisoner *in custody* under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a) (emphasis added). "This 'in custody' requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is 'under the conviction or sentence under attack at the time his petition is filed.'" *Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)), *abrogation on other grounds recognized by Chaidez v. United States*, 568 U.S. 342, 356, n.14 (2013). "Immigration consequences, such as deportation, have long been viewed as 'collateral,' and thus are not

4

11cr3976 / 25cv1602 - WQH

themselves sufficient to render an individual 'in custody.'" *Resendiz*, 416 F.3d at 956 (citing *Fruchtman v. Kenton*, 531 F.2d 946, 949 (9th Cir. 1976)); *see also Contreras v. Schiltgen*, 151 F.3d 906, 908 (9th Cir. 1998).

According to the Federal Bureau of Prison's website, Clavel completed his custodial sentence in this case on November 15, 2013. Clavel's one-year term of supervised release ended in November 2014. After this date, Clavel was no longer "[a] prisoner *in custody* under sentence of" this Court in the above-captioned case. 28 U.S.C. § 2255(a) (emphasis added). Clavel contends that, because he successfully vacated his prior state court felony convictions in March 2025 and October 2025, "Clavel would not [currently] be in [immigration] detention if not for his 2012 removal order conviction (the underlying 1326 conviction that took his status in this country)." (ECF No. 28 at 3.) Even if this assertion is true, "[i]mmigration consequences, such as deportation, have long been viewed as 'collateral,' and thus are not themselves sufficient to render an individual 'in custody.'" *Resendiz*, 416 F.3d at 956. As the Supreme Court has stated: "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. The Court finds that it does not have jurisdiction to consider the § 2255 Motion because Clavel is not "in custody" pursuant to his 2012 conviction in this case.

Although the issue is not raised by Clavel, the Court notes that Clavel may have a basis to file a petition pursuant to 28 U.S.C. § 2241.[1] "Under the savings clause of § 2255, … a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Hernandez v. Campbell*, 204 F.3d 861, 864–65 (9th Cir. 2000) (quoting 28 U.S.C. § 2255). However, "a habeas petition filed pursuant to § 2241

---

[1] The Court expresses no opinion on the merits of a potential petition pursuant to 28 U.S.C. § 2241.

11cr3976 / 25cv1602 - WQH

must be heard in the custodial court …, even if the § 2241 petition contests the legality of a sentence by falling under the [§ 2255] savings clause." *Id*. at 865. Here, Clavel is in custody in California City, California, which is in the Eastern District of California. Accordingly, this Court is the wrong venue to hear any petition pursuant to § 2241. Because a § 2241 remedy may be available and the record does not show that Clavel has made an effort to pursue such a remedy, the Court declines to sua sponte construe Clavel's § 2255 Motion as a motion for writ of error coram nobis. *See United States v. Riedl*, 496 F.3d 1003, 1005–06 (9th Cir. 2007) ("Both the Supreme Court and we have long made clear that the writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable…. [C]onsistent with the extraordinary nature of coram nobis relief, … a petitioner must show the following to qualify for coram nobis relief: (1) a more usual remedy is not available….") (citations omitted).

Because the Court finds that it has no jurisdiction to consider the § 2255 Motion, the Court declines to address the other arguments raised by the Government for denying the § 2255 Motion.

### C. Evidentiary Hearing

For the reasons discussed above, the Court finds that record of the case conclusively shows that the Court lacks jurisdiction over the § 2255 Motion. Accordingly, the Court finds that Clavel's § 2255 Motion may be resolved on the record and does not require an evidentiary hearing.

### D. Certificate of Appealability

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold substantial showing, the movant must "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; *or* that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880,

11cr3976 / 25cv1602 - WQH

893 n.4 (1983)). The Court finds that the *Barefoot* standard has not been satisfied as to question of the Court's jurisdiction over the § 2255 Motion. A certificate of appealability is denied.

### E. Motion to Reconsider Appointment of Counsel

On November 12, 2025, the Court issued an Order denying Clavel's Motion for Appointment of Counsel, which included the "find[ing] that the interests of justice do not warrant appointment of counsel at this stage in the proceedings considering the Plaintiff's arguments, the lack of complexity of the issues, and the fact that Defendant has adequately articulated his argument in his § 2255 Motion." (ECF No. 26 at 2 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).) Given Clavel's thorough and well-articulated arguments in his subsequent filings (*see* ECF Nos. 27, 28) and the Court's conclusion that it lacks jurisdiction over Clavel's § 2255 Motion, the Court continues to find that the interests of justice do not warrant appointment of counsel. The Motion to Reconsider Appointment of Counsel is denied.

### III.   Conclusion

IT IS HEREBY ORDERED that the § 2255 Motion is denied for lack of jurisdiction (ECF No. 18), the Motion to Reconsider Appointment of Counsel is denied (ECF No. 27), and the request for an evidentiary hearing is denied (ECF No. 28). A certificate of appealability is denied. The rulings herein are without prejudice to Clavel's right to file a petition pursuant to 28 U.S.C. § 2241 in a district court located in the district of his confinement. This case remains closed.

Dated:  February 10, 2026

Hon. William Q. Hayes
United States District Court

11cr3976 / 25cv1602 - WQH